## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

     v.

John Sorell Bradley,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 17-153(4) ADM/DTS

---

LeeAnn K Bell, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Andrew H. Mohring, Esq., Goetz and Eckland P.A., Minneapolis, MN, on behalf of Defendant.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant John Sorell Bradley's ("Bradley") Motion to Modify Sentence of Imprisonment [Docket No. 526].  Bradley argues that extraordinary and compelling circumstances warrant his release because the mother of his nine-year-old son has died.  For the reasons set forth below, the Motion is denied.

## II.  BACKGROUND

On January 23, 2018, Bradley entered a plea of guilty to conspiracy to distribute 280 grams or more of cocaine base and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.  Min. Entry [Docket No. 180]; Plea Agreement [Docket No. 182].  In the Plea Agreement, Bradley admitted that beginning in approximately March of 2016, he participated in a conspiracy to distribute cocaine base ("crack") and heroin, and that he was responsible for conspiring to distribute between 840 grams and 2.8 kilograms of crack as part of the conspiracy.  Plea Agreement ¶ 2.

At the time of the conspiracy offense, Bradley had 14 prior criminal convictions and was in the highest criminal history category (VI) despite being just 27 years old.  See Presentence Investigation Report ("PSR") [Docket No. 250] at F.2, ¶¶ 82, 82-86, 88-96, 98, 100.  His criminal record included two firearms-related convictions, two convictions involving domestic issues (including a felony for threatening the mother of one of his children), felony drug possession, and fleeing the police.  Id.  ¶¶ 88-90, 94-95, 98.  When officers attempted to arrest Bradley for the offense in this case, he fled on foot from a North Minneapolis residence.  Id. ¶47.  He was arrested a month later when officers entered an apartment to search for him and found him hiding on a neighboring apartment balcony.  Id.

On July 25, 2018, the Court sentenced Bradley to a term of 132 months.  Min. Entry [Docket No. 287]; Sentencing J. [Docket No. 288].  The sentence was a downward variance from the sentencing guidelines range of 151 to 188 months.  Stmt. Reasons [Docket No. 289] at 1-2, 4.

Bradley is currently incarcerated at the federal correctional institute in Greenville, Illinois ("FCI-Greenville") and has completed less than half of his sentence.  His projected release date is January 12, 2027.  See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/ (last visited July 29, 2022).  While in custody, Bradley has completed several educational and vocational classes as well as coursework in personal development, life skills, and drug education.  Def. Add. 2, 3 [Docket No. 527, Attach. 2].  He has not incurred any disciplinary infractions during his time in BOP custody.  Def. Add. 4 [Docket No. 527, Attach. 3] at 2.

On October 16, 2021, the mother of Bradley's nine-year-old-son, K.H., died unexpectedly.  K.H. had been under the full custody and care of his mother, D.H., until her death.  According to an "Investigative Memo" submitted by Bradley's counsel in support of this Motion, after his mother's death K.H. was placed with his maternal grandfather, Reggie Howard.

Def. Add. 7 ("First Investigative Mem.") [Docket No. 527-6] at 2.  Reggie Howard's niece, Roberta Howard, has informed Bradley's counsel that Reggie Howard has no home and that he and K.H. are "house hopping" by staying with others.  Id.; Second Investigative Mem. [Docket No. 541].  Roberta Howard also states that she has filed for temporary guardianship of K.H. and is in the process of obtaining her foster care license.  Docket No. 527, Attach. 5; First Investigative Mem.  Bradley's biological mother has submitted a letter stating that she and K.H. maintained a close relationship while D.H. was alive, but that Reggie Howard will not allow her to see or speak to K.H.  Docket No. 527, Attach. 5 at 3.

On October 19, 2021, Bradley filed a request with the Bureau of Prisons ("BOP") for a compassionate release sentence reduction based on the "death or incapacitation of a family member caregiver."  Gov't Ex. 3 [Docket No. 532].  Bradley stated that his "son's mother has died [and] he is temporarily placed in child protected [sic] services."  Id.  He further stated that his son "needs a caregiver/parent and my adoptive mother suffers from Parkinson's Disease and High Blood Pressure."  Id.  The BOP denied the request because Bradley had not provided the required documentation for the BOP's review.  Gov't Ex. 4 [Docket No. 533].[1]

Bradley now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the death of K.H.'s mother amounts to extraordinary and compelling circumstances that justify his release.  Bradley has submitted a release plan under which he and K.H. would live

---

[1] The October 2021 request was Bradley's second request to the BOP for a sentence reduction. On December 16, 2020, Bradley filed a request stating that his adoptive mother suffered from Parkinson's disease and needed a caregiver, and that Bradley was "the only option to perform these duties for her."  Gov't Ex. 1 [Docket No. 530].  The BOP denied the request because Bradley had not provided adequate documentation. Gov't Ex. 2 [Docket No. 531].  The submissions filed in support of Bradley's present Motion include a letter from his adopted sister stating that she has been caring for Bradley's adoptive mother.  See Docket No. 527-5 at 7.

with Bradley's biological mother and her spouse.  Def. Addendum 8 [Docket No. 527, Attach. 7] at 2.

Bradley argues that compassionate release is warranted because Reggie Howard is unable to adequately care for K.H. or provide him with a stable home environment.  Bradley contends that K.H.'s circumstances are particularly concerning because K.H. has been diagnosed with autism and ADHD, and has also been traumatized by his mother's death, Bradley's incarceration, and the reduced access to Bradley's family.  Bradley further contends that his post-sentencing conduct, including his educational coursework and his lack of disciplinary violations, demonstrates that he is not a danger to the public and will not reoffend.

The Government opposes the Motion.  The Government argues that Bradley has not satisfied his burden of showing extraordinary and compelling circumstances because he has not submitted documentation to show that he would be recognized as K.H.'s father or awarded custody of him.  The Government further contends that Bradley still poses a danger to the community and that the sentencing factors weigh against his release.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under §3582(c)(1)(A) is set forth in § 1B1.13 of the Sentencing Guidelines.  The commentary to § 1B1.13 provides four categories of "extraordinary and compelling reasons" for a sentence reduction---the defendant's medical condition, age, family circumstances, or "other reasons" determined by the BOP Director to be extraordinary and compelling.  U.S.S.G. § 1B1.13 cmt. n.1(A)-(D).  Section 1B1.13 also requires the Court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(2).  The policy statement and its commentary are "relevant but not binding" on the Court's determination of whether extraordinary and compelling reasons exist that would warrant a sentence reduction.  United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Bradley has satisfied the exhaustion requirement because he filed a request for release with the warden of his facility based on the death of his son's mother and the request was denied.  Gov't Ex. 4.  His Motion is therefore ripe for review.

## A.  Family Circumstances

Bradley argues that his family circumstances qualify as extraordinary and compelling under § 1B1.13 and that his release is warranted because K.H. needs a custodial parent to provide him with a stable home environment and educational and emotional support.

5

Although the Court agrees that Bradley's family circumstances fall within the scope of extraordinary and compelling circumstances set forth in § 1B1.13,[2] a sentence reduction is not justified because Bradley has failed to submit any documentation or verifiable evidence to show his ability to obtain custody of K.H. if Bradley were released. Bradley has been incarcerated for most of K.H.'s life, and although he has maintained regular contact with K.H. before and during his incarceration, it does not appear that Bradley has ever had custody of K.H. See PSR ¶¶ 121, 123 (stating that K.H. and D.H. lived in Burnsville, and that Bradley lived in north Minneapolis since 2005).

Bradley's counsel acknowledges that Child Protective Services is involved in K.H.'s placement and that custody proceedings are ongoing in Dakota County, yet Bradley has not submitted any documentation from these authorities to validate the placement of K.H. or to show that Bradley would be recognized as K.H.'s father, much less that he would be awarded custody of K.H. in the proceedings. See Letter [Docket No. 540] (referencing "custody proceedings that are ongoing in Dakota County"); Second Investigative Mem. [Docket No. 541] (reporting that "Child Protective Services has been made aware of" K.H.'s living situation). Given these circumstances and the lack of documentation, release is not warranted. See United States v.

---

[2] The "Family Circumstances" category in § 1B1.13 provides that "extraordinary and compelling reasons" exist under either of the following conditions:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the   only available caregiver for the spouse or registered partner.

U.S.S.G. §1B1.13 cmt. n.1(C). Unlike the second condition relating to the incapacitation of a spouse or registered partner, the first condition does not require that the defendant would be the only available caregiver for the minor child. Bradley's family circumstances are thus extraordinary and compelling under a plain reading of U.S.S.G. §1B1.13 cmt. n.1(C)(i).

6

Brewington, No. 2:12CR09-007, 2019 WL 3317972, at *2 (W.D. Va. July 24, 2019) (denying compassionate release because inmate had not submitted "verifiable documentation" that the caregiver of inmate's minor child was incapacitated or that inmate was the parent of the child); United States v. Goldberg, No. 12 CR. 864, 2016 WL 6820728, at *3 (S.D.N.Y. Oct. 4, 2016) (denying compassionate release because "there is no guarantee or even an affirmative indication" that defendant would be awarded custody of his child if defendant were released).

The Court is sympathetic to the hardship that Bradley's family is suffering after the death of D.H. and is hopeful that K.H.'s circumstances will improve with the involvement of CPS and the support of family members. Although Bradley's family circumstances are extraordinary and compelling, they do not justify his release.

**B.  Sentencing Factors**

The sentencing factors in 18 U.S.C. § 3553(a) also weigh against Bradley's release. These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Bradley was convicted of a serious drug trafficking offense. His 132-month sentence is already a significant downward variance from the bottom of the sentencing guideline range of 151 to 188 months. Bradley's past periods of incarceration and his role as a parent did not deter him from committing the offense in this case. Given these circumstances, the Court is not convinced that releasing Bradley after serving less than half his sentence would reflect the seriousness of his conduct, promote respect for the law, or deter Bradley from future criminal conduct.

7

Resisting this conclusion, Bradley argues that the death of his son's mother is a strong deterrent to reoffending because he is now K.H.'s only parent. He also contends that his infraction-free disciplinary record shows that he is capable of complying with the conditions of his supervision. Bradley's efforts toward rehabilitation and his disciplinary record are commendable. The skills and attitude Bradley is acquiring will no doubt improve his remaining time in custody and assist him in leading a productive life upon release But the changes he has made during the last few years in custody are outweighed by the years of his life when he was at liberty and committed many crimes and has been a danger to the public. The seriousness and quantity of his past offenses do not give the Court sufficient confidence that Bradley will remain law abiding upon release from custody at this time. Accordingly, a sentence reduction is not warranted.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant John Sorell Bradley's Motion to Modify Sentence of Imprisonment [Docket No. 526] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated: August 3, 2022